WITHERSPOON *v.* JOHNSON.

4-6050 144 S. W. 2d 39

Opinion delivered October 14, 1940.

W. W. *Grubbs,* for appellant.

*Carneal Warfield,* for appellee.

MEHAFFY, J. This action was instituted in the chancery court of Chicot county to determine the title to 80 acres of land in said county. The pleadings are not in the record, and there is no transcript of the evidence.

The attorneys entered into a stipulation or agreement, the first paragraph of which reads as follows:

"It is agreed between W. W. Grubbs, as attorney for the plaintiff, Lawrence Witherspoon, and Carneal Warfield, as attorney for the defendants, B. F. Johnson, Edith Johnson, H. H. Humphreys and Beatrice Humphreys, that the following is a statement of the material facts in this case as shown by the evidence and admitted in the pleadings, together with an abstract of the pleadings and exhibits, and that this stipulation when filed with and certified by the Chicot chancery clerk may be submitted to and treated by the Arkansas Supreme Court as and in lieu of the usual transcript in the cause:".

Then follows the agreed statement of facts. It is quite long and we deem it unnecessary to set it out in full, but will call attention to such parts of it as have relation to the propositions discussed by the attorneys.

In the final decree the court stated:

"On this first day of April, 1940, this cause coming on to be heard, the plaintiff appeared by his attorney, W. W. Grubbs, and the defendants, B. F. Johnson, Edith Johnson, H. H. Humphreys and Beatrice Humphreys appeared by their attorney, Carneal Warfield, and the cause is submitted upon the plaintiff's complaint with the exhibits thereto, the defendant's answer and cross-complaint, the interrogatories propounded to the defendants, B. F. Johnson and H. H. Humphreys, and their answers thereto, the stipulation of counsel, the deposition of plaintiff, Witherspoon, a certificate of the State Land Commissioner with a copy of the proof of improvements and occupancy of B. F. Johnson for a donation deed to the land here involved, and the deposition of B. F. Johnson, with exhibits, and the briefs of counsel."

The court found that the tax sale of the 80 acres of land was void because there was charged a three-mill road tax which was not voted on, and it is conceded by the appellant that this tax sale was void.

It is first insisted by the appellant that the court erred in holding the several agreements, made between the appellant and appellee Johnson in their efforts to compromise their claims, were void, and erred in holding that the deed from Johnson to appellant is void because it contravenes § 8662 of Pope's Digest. Section 8662 discussed by appellant, reads as follows:

"No title to tax forfeited lands which have been donated can be passed by the donee or any of his grantees to the original owner of said land, any of his heirs-at-law, or anyone having an interest in said land at the time it was forfeited for a period of fifteen years and any attempt to pass such title shall work a forfeiture of the rights of all persons thereunder and title to the land shall revert to the state."

The decree of the court states that the case was submitted upon the plaintiff's complaint with the exhibits thereto, the defendant's answer and cross-complaint, the interrogatories propounded to the defend-

ants, B. F. Johnson and H. H. Humphreys, and their answers thereto. There is nothing in the statement of facts to show what the pleadings were, except it is stated: "The complaint, in substance, alleged the foregoing facts. It further alleged that Johnson had procured the donation deed by furnishing false and fraudulent proof regarding his possession of the land, and in swearing that he had not disposed of it, etc., alleged that the deed to Humphreys was without consideration and fraudulently made, and that Johnson forfeited all his rights under his contract to clear 20 acres of land for 20 acres on account of non-performance and his repudiation thereof, and prayed for a cancellation of the deed from Johnson and wife to Humphreys and wife, and for a cancellation of the contracts between him and Johnson for possession of the 80 acres of land."

The next paragraph of the stipulation states that "The answer denies all the material allegations of the complaint, and alleges that the defendants, H. H. Humphreys and Beatrice Humphreys, are the owners of the land, and deraign their title only through Johnson's donation, and alleges that Johnson is in possession of the whole 80 acres. There is nothing to indicate what the exhibits were nor the cross-complaint which were considered by the chancellor, and we cannot say that the chancellor's finding is against the preponderance of the evidence on this proposition.

As to the 20 acres, the court found that Johnson had retained open, adverse, continual, physical possession of said tract for more than two years prior to the commencement of this action under a donation certificate regular on its face, as provided by § 8925 of Pope's Digest.

Section 8925 reads as follows: "No action for the recovery of any lands, or for the possession thereof against any person or persons, their heirs and assigns, who may hold such lands by virtue of a purchase thereof at a sale by the collector, or commissioner of state lands, for the nonpayment of taxes, or who may have purchased the same from the state by virtue of any act providing for the sale of lands forfeited to the state for

the nonpayment of taxes, or who may hold such land under a donation deed from the state, or who shall have held two years actual adverse possession under a donation certificate from the state, shall be maintained, unless it appears that the plaintiff, his ancestors, predecessors, or grantors, was seized or possessed of the lands in question within two years next before the commencement of such suit or action, and it is hereby intended that the operation of this act shall be retroactive."

Appellant, however, insists that the trial court erred in holding that Johnson's possession was open and adverse, for the reason that the land was not donated until 1936, and in 1937 Johnson relinquished his certificate to Witherspoon, and in January contracted to buy the 20 acres. It is true that the stipulation shows a number of propositions and agreements, but we think none of them were consummated, and as to whether Johnson's possession was permissible, we think the trial court's finding must be sustained.

Both appellant and appellee refer to depositions and other things that are not in the record, and we, of course, have no means of knowing all of the facts which the chancellor had before him.

Under the facts in the record, we are unable to say that the chancellor's finding was erroneous, especially in view of the fact that the lower court held, and the decree shows, that he tried the case on the pleadings, exhibits, interrogatories propounded to Johnson and Humphreys, and answered by them.

The chancellor's decree is doubtless based on evidence before him, to which we have no access. After a careful consideration of the stipulation of counsel, and the decree of the chancery court, we cannot say that the chancellor's finding is not supported by the evidence.

The decree is, therefore, affirmed.